IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CLEAR WITH COMPUTERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No._____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| J.CREW GROUP, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff Clear With Computers, LLC ("CWC"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1.      CWC is a Texas limited liability company with a place of business located at 719 West Front Street, Suite 242, Tyler, Texas 75702.

2.      Defendant J.Crew Group, Inc. ("J.Crew") is a Delaware corporation with, upon information and belief, a place of business located at 770 Broadway, New York, New York 10003.

## JURISDICTION AND VENUE

3.      This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.      Upon information and belief, J.Crew conducts substantial business in this forum, directly or through intermediaries, including:  (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in

other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

6.      Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

**THE PATENT-IN-SUIT**

7.      On September 11, 2012, United States Patent No. 8,266,015 (the "'015 patent"), entitled "Inventory Sales System and Method," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO").  A true and correct copy of the '015 patent is attached hereto as Exhibit A.

8.      On April 29, 1997, United States Patent No. 5,625,776 (the "'776 patent"), entitled "Electronic Proposal Preparation System for Selling Computer Equipment and Copy Machines," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO").  A true and correct copy of the '776 patent is attached hereto as Exhibit B.

9.      On October 20, 2009, United States Patent No. 7,606,739 (the "'739 patent"), entitled "Electronic Proposal Preparation System," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO").  A true and correct copy of the '739 patent is attached hereto as Exhibit C.

10.      CWC is the assignee and owner of the right, title and interest in and to the '015, '776 and '739 patents, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,266,015**

11.      CWC repeats and realleges the allegations of paragraphs 1 through 10 as if fully set forth herein.

12.      Without license or authorization and in violation of 35 U.S.C. § 271(a), J.Crew has infringed and continues to infringe at least claim 1 of the '015 patent by

making, using, owning, operating, and/or maintaining one or more websites, including but not limited to, www.jcrew.com, which include or incorporate certain computer program products and methods, including, but not limited to, a configuration engine, that embody subject matter claimed in the '015 patent.  A copy of relevant portions of the www.jcrew.com website is attached hereto as Exhibit D.

13.     CWC is entitled to recover from J.Crew the damages sustained by CWC as a result of J.Crew's infringement of the '015 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,625,776

14.     CWC repeats and realleges the allegations of paragraphs 1 through 13 as if fully set forth herein.

15.     Without license or authorization and in violation of 35 U.S.C. § 271(a), J.Crew has infringed and continues to infringe at least claim 61 of the '776 patent by making, using, owning, operating, and/or maintaining one or more sales methods, sales systems, marketing methods and/or marketing systems, including, but not limited to www.jcrew.com and all related instrumentalities used to deliver web pages from that domain, including related web servers and database servers and their associated software, e.g., to receive information identifying a customer's desired equipment features and uses by presenting the customer with a plurality of questions relating to the features and uses of the equipment, and receiving a plurality of answers to the questions; storing equipment pictures, equipment environment pictures and text segments in the computer; retrieving equipment information for use in generating the customized proposal by electronically selecting a particular equipment picture, equipment environment picture, and text

segment in response to at least one of the answers, and automatically compiling the gathered equipment information in the computer into the customized proposal.  A copy of relevant portions of the www.jcrew.com website is attached hereto as Exhibit E.

16.      CWC is entitled to recover from J.Crew the damages sustained by CWC as  result of J.Crew's infringement of the '776 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,606,739

17.      CWC repeats and realleges the allegations of paragraphs 1 through 16 as if fully set forth herein.

18.      Without license or authorization and in violation of 35 U.S.C. § 271(a), J.Crew has infringed and continues to infringe at least claim 11 of the '739 patent by making, using, owning, operating, and/or maintaining one or more computer sales methods, sales systems, marketing methods and/or marketing systems covered by one or more claims of the '739 Patent, including, but not limited to www.jcrew.com and all related instrumentalities used to deliver web pages from that domain, including related web servers and database servers and their associated software, to, among other things, receive answers to a plurality of questions from a specific customer related to at least one of a desired feature and desired use by the customer of a tangible product for sale from a user interface; automatically select, in response to at least one of the received answers, an image of the tangible product for sale, an image of an environment in which the product for sale is to be used and a text segment comprised of a description of the product specifications and performances that are of particular interest to the customer; and integrate the selected images and the selected text segment into a proposal for the sale of

the product customized to the specific customer such that a single composite visual output can be generated that shows the product in the product environment along with said text segment, wherein the single composite visual output is generated by a selection device operatively interconnected to an active database that is configured to electronically store customer information obtained via the user interface, and a static database that stores electronically at least one of, (a) text; (b) pictures or (c) texts and pictures, relating to at least one product; and the system dynamically building a template utilizing the selection device to fill in the template to produce the single composite visual output.  A copy of relevant portions of the www.jcrew.com website is attached hereto as Exhibit F.

19.     CWC is entitled to recover from J.Crew the damages sustained by CWC as  result of J.Crew's infringement of the '739 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

CWC hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, CWC requests that this Court enter judgment against J.Crew as follows:

A.     An adjudication that J.Crew has infringed the '015, '776 and '739 patents;

B.     An award of damages to be paid by J.Crew adequate to compensate CWC for J.Crew's past infringement of the '015, '776 and '739 patents and any continuing or future infringement through the date such judgment is entered, including interest, costs,

expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of CWC's reasonable attorneys' fees; and

D.      An award to CWC of such further relief at law or in equity as the Court deems just and proper.


Dated:  August 2, 2013                  */s/ Andrew W. Spangler*
                                        Andrew W. Spangler TX SB #24041960
                                                spangler@sfipfirm.com
                                        Spangler & Fussell P.C.
                                        208 N. Green Street, Suite 300
                                        Longview, TX 75601
                                        Telephone:  (903) 753-9300
                                        Facsimile:  (903) 553-0403

                                        OF COUNSEL:

                                        Stamatios Stamoulis DE SB #4606
                                                stamoulis@swdelaw.com
                                        Richard C. Weinblatt DE SB #5080 – LEAD COUNSEL
                                                weinblatt@swdelaw.com
                                        Stamoulis & Weinblatt LLC
                                        Two Fox Point Centre
                                        6 Denny Road, Suite 307
                                        Wilmington, DE 19809
                                        Telephone:  (302) 999-1540
                                        Facsimile:  (302) 762-1688

                                        *Attorneys for Plaintiff*
                                        *Clear With Computers, LLC*